IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No.: 1:20-cv-437

| | |
|---|---|
| NATTY GREENE'S BREWING COMPANY, LLC, NATTY GREENE'S DOWNTOWN, LLC, EJE, INC. d/b/a CAFE PASTA, NATTY GREENE'S CREEKSIDE, LLC d/b/a KAU, JAKE'S DINER OF WENDOVER, INC. d/b/a JAKE'S DINER, DAAB, INC. d/b/a JAKE'S DINER, JAKE'S OF DRAWBRIDGE, INC. d/b/a JAKE'S DINER, JAKE'S OF BATTLEGROUND, LLC d/b/a JAKE'S DINER, RIO GRANDE #14, INC d/b/a RIO GRANDE MEXICAN KITCHEN, RIOS, INC. d/b/a RIO GRANDE MEXICAN KITCHEN and RIO GRANDE FRIENDLY, INC. d/b/a RIO GRANDE MEXICAN KITCHEN<br><br>**Plaintiffs,**<br><br>v.<br><br>TRAVELER'S CASUALTY INSURANCE COMPANY OF AMERICA, TRAVELER'S INDEMNITY COMPANY, SENTINEL INSURANCE COMPANY, LIMITED, UTICA NATIONAL INSURANCE GROUP, FRANKENMUTH MUTUAL INSURANCE COMPANY and STATE AUTOMOBILE MUTUAL INSURANCE COMPANY<br><br>**Defendants.** | **NOTICE OF REMOVAL** |

Defendants Travelers Casualty Insurance Company of America and Travelers Indemnity Company [1] (collectively "Travelers"), together with Sentinel Insurance

---

[1] The Travelers Indemnity Company is improperly listed in the caption as "Traveler's Indemnity Company." Similarly, the Travelers Casualty Insurance Company of America

1

Company, Limited ("Sentinel") (collectively with Travelers the "Removing Defendants"), by and through their respective undersigned counsel, hereby file this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because, upon information and belief, there is complete diversity of citizenship between all plaintiffs and all defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs. In support of this Notice of Removal, the Removing Defendants state as follows:

## PROCEDURAL HISTORY AND OVERVIEW OF THE ACTION

1. This civil action was commenced in the General Court of Justice, Superior Court Division, in the County of Guilford, North Carolina (the "State Court Action"), on April 3, 2020, with the filing of a Complaint by Plaintiffs Natty Greene's Brewing Company, LLC, Natty Greene's Downtown, LLC, EJE, Inc. d/b/a Cafe Pasta, Natty Greene's Creekside, LLC d/b/a Kau, Jake's Diner of Wendover, Inc. d/b/a Jake's Diner, DAAB, Inc. d/b/a Jake's Diner, Jake's of Drawbridge, LLC d/b/a Jake's Diner, Jakes's of Battleground, LLC d/b/a Jake's Diner, Rio Grande #14, Inc d/b/a Rio Grande Mexican Kitchen, Rios, Inc. d/b/a Rio Grande Mexican Kitchen, Rio Grande Friendly, Inc. d/b/a Rio Grande Mexican Kitchen (collectively "Plaintiffs"). The State Court Action is styled *Natty Greene's Brewing Company, LLC et al. v. Travelers Casualty Insurance Company of America*, et al., No.: 20-CVS-4461. Plaintiffs filed a First Amended Complaint in the State Court Action on or about April 9, 2020, through which they added a cause of action for Breach of Contract.

---

is improperly identified in the caption as "Traveler's Casualty Insurance Company of America."

2. Attached hereto as Exhibits A through F and made part hereof are copies of all the process, orders, and pleadings filed and/or served in the State Court Action, including the Complaint and the First Amended Complaint.

3. This Notice of Removal is timely filed within thirty (30) days of service of process upon the Removing Defendants on April 20, 2020, in accordance with 28 U.S.C. § 1446(b). *See* Exhibits B and C.

4. In their First Amended Complaint, Plaintiffs allege that they "are entities that own and operate restaurants and bars in Guilford County, North Carolina." *See* Exhibit A, First Am. Compl., ¶ 1.

5. Plaintiffs allege that, "[a]t all times mentioned herein, Defendants were licensed to do business in the State of North Carolina, selling business owners, property and casualty insurance policies to bars, restaurants, caterers, banquet halls, and other hospitality businesses;" that "[e]ach of the defendants sold an insurance policy effective at all relevant times to at least one of the plaintiffs which provided applicable insurance coverage as alleged herein;" and that "all named Plaintiffs are residents of Guilford County and each of the defendants sold insurance products to them in this county." *Id.* ¶¶ 2-4.

6. Plaintiffs seek monetary damages and declaratory relief for purported business interruption losses and other ongoing damages allegedly arising from the COVID-19 pandemic.

7. More specifically, Plaintiffs claim that they were "poised to seize on the positive economic impact of both the Atlantic Coast Conference ('ACC') and National Collegiate Athletic Association ('NCAA') basketball tournaments that were to be hosted

at the Greensboro Coliseum in March 2020," and that Plaintiffs and other businesses "had been planning and investing for years to reap the economic benefits from the two week period from March 9-21, 2020." *Id.* at ¶¶ 10-11. Plaintiffs further allege that concerns over the COVID-19 pandemic in March 2020 led to the cancellation of both sporting events. *Id.* at ¶ 14-15.

8. Plaintiffs allege that North Carolina Governor Roy Cooper issued two Executive Orders in March 2020 in response to the COVID-19 pandemic—the first "order[ing] the complete closure of the 'dine-in' portion of restaurants for the plaintiffs," including bars, and the second "(a) direct[ing] North Carolina residents to stay in their homes except when performing 'essential' activities; (b) prohibit[ing] gatherings of 10 or more people; and (c) require[ing] 'non-essential' businesses to cease operations." *Id.* at ¶¶ 16-17.

9. Plaintiffs further allege that the cancellation of the basketball tournaments, "[p]ublic fear and commotion and, significantly, the governmental actions and closures implemented because of and in response to the threat of the virus have caused Plaintiffs to incur significant financial losses and damages." *Id.* at ¶¶ 16-18.

10. According to the First Amended Complaint, each Defendant sold an insurance policy effective at all relevant times to at least one of the Plaintiffs, and each such policy insured against a loss of "business revenue." *Id.* at ¶¶ 3, 19. Plaintiffs appear to allege that they filed claims with Defendants under their respective policies to recover for the alleged ongoing losses of business revenues sustained due to the COVID-19 pandemic and that Defendants denied coverage for those claims. *Id.* at ¶¶ 19-20.

4

11.     Plaintiffs seek declaratory relief and monetary damages from each of the Defendants in an effort to recoup their alleged losses. More specifically, Plaintiffs' First Amended Complaint asserts two causes of action against all Defendants. In their first cause of action—a purported declaratory judgment claim under N.C. Gen. Stat. § 1-253, *et seq.*—Plaintiffs seek "a declaration of the Court that coverage exists under the Defendants' policies for the damages caused by public fear and commotion and the governmental closures implemented as a result of the threat of the arrival and potential spread of the the [sic] virus." *Id.* ¶ 29. In their second cause of action—a purported claim for breach of contract—Plaintiffs allege that "Defendants have breached those [insurance policy] contracts by not paying what they owe to Plaintiffs pursuant to the policies/contracts entered into between the parties." *Id.* ¶ 32. Plaintiffs assert that, "[a]lthough each Plaintiff's damages from the breaches are ongoing they have to date already suffered significant damages," and that "Plaintiffs have each been damaged as a result of the breach of contract by the Defendant with which they have entered into a contract and are entitled to recover in excess of $25,000." *Id.* ¶¶ 32-34.

## VENUE

12.     The United States District Court for the Middle District of North Carolina is the proper venue for this action because the action was originally filed in Guilford County. 28 U.S.C. § 1441(a).

## CONSENT OF CO-DEFENDANTS

13.     Counsel for the Removing Defendants have consulted with counsel for each other Defendant. Each Defendant concurs in and consents to the removal of the State Court

5

Action to this Court. *See* 28 U.S.C. § 1446(b)(1)(A); *Mayo v. Bd. of Educ.*, 713 F.3d 735, 742 (4th Cir. 2013) ("[A] notice of removal signed and filed by an attorney for one defendant representing unambiguously that the other defendants consent to the removal satisfies the requirement of unanimous consent for purposes of removal.").

14. Defendants Frankenmuth Mutual Insurance Company and Utica National Insurance Group[2] were served with process on April 16, 2020. Exhibits D and E.

15. Removing Defendants and Defendant State Automobile Mutual Insurance Company received process on April 20, 2020. Exhibits B, C, and F.

16. Where a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal. 28 U.S.C § 1446(b)(2)(C).

## SUBJECT MATTER JURISDICTION

17. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332. Upon information and belief, there is complete diversity of citizenship between all Plaintiffs and all Defendants, and the amount in controversy as to each named Plaintiff exceeds the sum of $75,000, exclusive of interest and costs.

**A. Complete Diversity of Citizenship Exists Between Plaintiffs and Defendants.**

18. A corporation is a citizen of the state where it is incorporated as well as the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

---

[2] As explained *infra*, Utica National Insurance Group is not a legal entity, but instead is a trade name encompassing a number of independent companies.

19. Plaintiffs EJE, Inc. d/b/a Cafe Pasta, Jake's Diner of Wendover, Inc. d/b/a Jake's Diner, DAAB, Inc. d/b/a Jake's Diner, Rio Grande #14, Inc. d/b/a Rio Grande Mexican Kitchen, Rios, Inc. d/b/a Rio Grande Mexican Kitchen, and Rio Grande Friendly, Inc. d/b/a Rio Grande Mexican Kitchen are all citizens of North Carolina because each is incorporated in North Carolina and, upon information and belief, each maintains its principal place of business in North Carolina.

20. The remaining Plaintiffs are limited liability companies. For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of all its members. *See Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).

21. Plaintiffs Natty Greene's Downtown, LLC, Natty Greene's Creekside, LLC d/b/a Kau, Jake's of Drawbridge, LLC d/b/a Jake's Diner, and Jake's of Battleground, LLC d/b/a Jake's Diner are all registered as limited liability companies with the North Carolina Secretary of State, and all of their respective members that are reported on publicly available sources (i.e. articles of organization and the most recent annual reports) are domiciled in North Carolina. Therefore, upon information and belief, each of those limited liability companies is a North Carolina citizen for purposes of diversity of citizenship.

22. Plaintiff Natty Greene's Brewing Company, LLC, is registered as a North Carolina limited liability company with the North Carolina Secretary of State. It identifies its members as residing in North Carolina and Florida. Hamburger Square Brewhouse, Inc., managing member of Natty Greene's Brewing Company, LLC, is incorporated in North Carolina and maintains its principal place of business in Greensboro, North Carolina.

7

Therefore, upon information and belief, Natty Greene's Brewing Company, LLC, is a citizen of North Carolina and Florida for purposes of diversity of citizenship.

23. Thus, upon information and belief, Plaintiffs are all citizens of North Carolina and Florida.

24. Defendants Travelers Casualty Insurance Company of America and Travelers Indemnity Company[3] are citizens of Connecticut because each is incorporated in Connecticut and each maintains its principal place of business in Hartford, Connecticut.

25. Defendant Sentinel Insurance Company, Ltd., is a citizen of Connecticut because it is incorporated in Connecticut and maintains its principal place of business in Hartford, Connecticut.

26. Named Defendant Utica National Insurance Group ("Utica") is not a legal entity, but instead is a trade name encompassing the following independent companies: Utica Lloyd's of Texas; Utica Mutual Insurance Company; Graphic Arts Mutual Insurance Company; Utica Lloyd's, Inc.; Utica Specialty Risk Insurance Company; UNI-Service Life Agency, Inc.; Utica National Insurance Company of Ohio; Utica National Assurance Company; Republic-Franklin Insurance Company; Utica National Insurance Company of Texas; Founders Insurance Company; UNI-Service Operations Corporation; Founders Insurance Company of Michigan; and Pillar Premium Finance Company. *See* Exhibit G, Affidavit of Adam Kelly, at ¶ 3. The foregoing companies are organized under the laws of the states of New York, Texas, Illinois, Ohio, or Michigan, and all have a principal place of business in New Hartford, New York. *Id.* at ¶¶ 4-17.

---

[3] Travelers Indemnity Company did not issue a policy of insurance to any Plaintiff.

27. The only insurance policy in force as of March 17, 2020 – i.e., the date alleged in the First Amended Complaint as the date that plaintiffs first allegedly suffered a loss of business due to Covid-19 – and continuing to the filing date of this action, between any member of Utica and any named Plaintiff, is a single policy issued by Republic-Franklin Insurance Company ("Republic-Franklin") to Plaintiff, Rio Grande Friendly, Inc. *Id.* at ¶ 18. Republic-Franklin is a corporation organized under the laws of Ohio and, as noted, has its principal place of business in New Hartford, New York. *Id.* at ¶ 12.

28. Defendant Frankenmuth Mutual Insurance Company is a citizen of Michigan because it is incorporated in Michigan and maintains its principal place of business in Frankenmuth, Michigan.

29. Defendant State Automobile Mutual Insurance Company is a citizen of Ohio because it is incorporated in Ohio and maintains its principal place of business in Columbus, Ohio.

30. Thus, no Defendant is a citizen of North Carolina or Florida. There is, therefore, complete diversity of citizenship between all Plaintiffs and all Defendants.

**B.  The Amount in Controversy Exceeds $75,000.**

31. Under 28 U.S.C. § 1332, diversity subject matter jurisdiction requires that the matter in controversy "exceed[] the sum or value of $75,000, exclusive of interest and costs." A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014), and if contested, a court will determine whether the threshold is met by a preponderance of the evidence. *Id.* at 553; *see also Ellenburg v.*

9

Case 1:20-cv-00437-CCE-JEP   Document 1   Filed 05/15/20   Page 9 of 18

*Spartan Motors Chassis, Inc.*, 519 F.3d 192, 199 (4th Cir. 2008) (observing that "Section 1446(a) requires that a Notice of Removal contain only 'a short and plain statement of the grounds for removal,'" which is parallel to the pleading standard of Fed. R. Civ. P. 8(a)); *Palacios v. Tyson Foods, Inc.*, No. 1:19-cv-741, 2019 WL 5742636, at *3 (M.D.N.C. Nov. 5, 2019) (denying motion to remand and holding removing parties satisfied pleading standard regarding amount in controversy by stating in removal notice that "'[t]he amount in controversy in this case exceeds $75,000, exclusive of interests and costs.") Additionally, the key inquiry in determining whether the amount-in-controversy requirement is met "is not what the plaintiff will actually recover but 'an estimate of the amount that will be put at issue in the course of the litigation.'" *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 196 (4th Cir. 2017). The amount in controversy for declaratory relief actions is measured by the value of the object in the litigation. *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013).

32. Here, the First Amended Complaint does not plead a specific demand for damages, but rather alleges that "each" Plaintiff seeks "to recover in excess of $25,000" in compensatory damages. First Am. Compl., ¶ 34; *id.* p. 6. Plaintiffs also seek a declaration that "Plaintiffs have all applicable coverages under the insurance policies sold to them by Defendants." *Id.* at p. 6.

33. On a full and fair reading of the First Amended Complaint, and based on a good faith investigation undertaken by Removing Defendants, in consultation with the other Defendants, the amount in controversy exceeds $75,000, exclusive of interest and costs. The objects of this litigation are the contract damages Plaintiffs seek to recover from

Defendants, described as the "business revenues" from food and beverage sales Plaintiffs allegedly were unable to earn during the months of March 2020, April 2020, some or all of May 2020, and beyond due to "public fear and commotion" associated with the COVID-19 pandemic, "governmental actions and closures implemented because of and in response to the threat of the virus," and the cancellation of the ACC and NCAA basketball tournaments. First Am. Compl., ¶¶ 17-18, 29. Local news sources reported that the cancellations of the basketball tournaments alone caused estimated financial losses to the Greensboro economy in the range of $30 million.[4]

34. On May 5, 2020, North Carolina Governor Roy Cooper issued Executive Order No. 138, which implemented Phase 1 for the re-opening of businesses within North Carolina. Under that Executive Order, bars and restaurants remain limited to take-out and delivery service through May 22, 2020. *See* Exhibit H. Plaintiffs' First Amended Complaint thus places "in controversy" Plaintiffs' business revenue and other financial losses through at least May 22, 2020, and Plaintiffs allege that such losses are ongoing.

35. At all relevant times, Travelers Casualty Insurance Company of America insured Plaintiffs EJE, Inc. d/b/a Cafe Pasta ("EJE") and Rio Grande #14, Inc d/b/a Rio Grande Mexican Kitchen ("Rio Grande # 14"). Based on financial information EJE and Rio Grande # 14 separately provided to Travelers in connection with the underwriting of

---

[4] *See* Natalie Wilson, *Coronavirus Cancels What Would Have Been a Major Weekend in Greensboro*, Fox 8 (Mar. 20, 2020), https://myfox8.com/news/coronavirus-cancels-what-would-have-been-a-major-weekend-in-greensboro/; *see also* Grace Holland, *ACC Basketball Tournaments Expected to Bring Millions of Dollars to Greensboro economy*, WFMY News 2 (Mar. 4. 2020) (reporting city officials expected "a potential $30 million could be spent at Greensboro hotels, shops and restaurants" from ACC and NCAA tournaments).

their respective policies, the amount in controversy as to each of those Plaintiffs exceeds $75,000.[5]

36.     Sentinel Insurance Company, Ltd. insured Plaintiff Rio's, Inc ("Rio's").[6] Based on financial information Rio's provided to Sentinel in connection with the underwriting of its policy, the amount in controversy as to Rio's exceeds $75,000.[7]

37.     Upon information and belief, Plaintiffs Natty Greene's Brewing Company, LLC, Natty Greene's Creekside, LLC d/b/a Kau, Rio Grande Friendly, Inc. d/b/a Rio Grande Mexican Kitchen, Jake's Diner of Wendover, Inc. d/b/a Jake's Diner, DAAB, Inc. d/b/a Jake's Diner, Jake's of Drawbridge, LLC d/b/a Jake's Diner, and Jakes's of Battleground, LLC d/b/a Jake's Diner each has monthly revenues from food and beverage sales that would exceed $75,000 for the months of March, April and May 2020. Indeed, in their First Amended Complaint, Plaintiffs emphasize that they had been planning for years to "reap the economic benefits from the two week period from March 9-21, 2020," and that Natty Greene's Brewing Company, LLC, for example, "was prepared and ready to seize the opportunity to earn its necessary *operating revenue for the year*." First Am. Compl., ¶ 11-12 (emphasis added).

38.     Natty Greene's Downtown, LLC is not insured by any Defendant, and as such, no amount in controversy appears to be alleged as to that entity. Natty Greene's

---

[5] Out of respect for any confidentiality concerns EJE and Rio Grande # 14 may have with respect to their financial information, Travelers has refrained from disclosing it in this Notice of Removal.

[6] Rios, Inc. is identified in the caption of the First Amended Complaint as "Rios, Inc. d/b/a Rio Grande Mexican Kitchen." The policy Sentinel issued to Rio's lists the named insured as "RIOS INC DBA RIOS MEXICAN GRILLE."

[7] Out of respect for any confidentiality concern Rio's may have with respect to its financial information, Sentinel has refrained from disclosing it in this Notice of Removal.

12

Downtown, LLC's apparent lack of standing does not defeat this Court's exercise of jurisdiction over the action. Under 28 U.S.C. § 1447(c), a district court may not remand a case where there is subject matter jurisdiction over some portion of it. *See Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1002–05 (9th Cir. 2001) (finding lack of standing as to one party that did not buy any policy from insurer, and so did not suffer any injury, did not preclude exercise of subject matter jurisdiction over action under § 1332); *see also Hardaway v. Checkers Drive-In Restaurants, Inc.*, 483 F. App'x. 854 (4th Cir. 2012) (holding that, for purposes of diversity jurisdiction, "Fed.R.Civ.P. 21 provides that '[o]n motion or on its own, the court may at any time, on just terms, add or drop [a dispensable] party'") (citation omitted).

39. The Removing Defendants deny the validity and merits of the entirety of Plaintiffs' alleged claims, the legal theories upon which they are ostensibly based, and the allegations for monetary and other relief requested. However, for purposes of removal only, and without conceding that Plaintiffs are entitled to any damages or other relief whatsoever, the amount in controversy plausibly exceeds $75,000, exclusive of costs and interest. As such, this Court has diversity jurisdiction over this matter and it is removable under 28 U.S.C. § 1441(b).

## NOTICE TO STATE COURT AND ADVERSE PARTIES

40. This Notice of Removal is being filed less than one year after commencement of this action.

41.     A copy of this Notice of Removal will be promptly served upon Plaintiffs and filed with the clerk of the General Court of Justice, Superior Court Division, Guilford County, North Carolina, in accordance with 28 U.S.C. § 1446(d).

## CONCLUSION

42.     WHEREFORE, pursuant to 28 U.S.C. §§ 1441, 1446 and 1332, Removing Defendants give notice of the removal of this action to the United States District Court for the Middle District of North Carolina.

Respectfully submitted, this the 15th day of May, 2020.

*/s/ James A. Dean*
Reid C. Adams, Jr. (N.C. Bar No. 9669)
James A. Dean (N.C. Bar No. 39623)
**Womble Bond Dickinson (US) LLP**
One West 4th Street
Winston-Salem, NC 27101
336-721-3660 (Phone)
336-721-3660 (Fax)
cal.adams@wbd-us.com
jamie.dean@wbd-us.com

Gregory P. Varga
Stephani A. Roman
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103
860-275-8200
gvarga@RC.com
sroman@RC.com

*Attorney for Travelers Casualty Insurance Company of America and Travelers Indemnity Company*

/s/ L. Andrew Watson
L. Andrew Watson
Butler Weihmuller Katz Craig
11605 North Community House Road
Suite 150
Charlotte, NC 28277
704-543-2321
awatson@butler.legal

Richard Gable
Butler Weihmuller Katz Craig
1818 Market Street, Suite 2740
Philadelphia, PA 19103
267-507-1410
rgable@butler.legal

Frank Winston
Sarah Gordon
Conor Brady
Steptoe & Johnson
1330 Connecticut Avenue NW
Washington, DC 20036
202 429 3000
fwinston@steptoe.com
sgordon@steptoe.com
cbrady@steptoe.com

*Attorneys for Sentinel Insurance Company, Ltd.*

# CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on May 15, 2020, he filed the foregoing document using this court's CM/ECF system and served the forgoing document upon the following individuals by U.S. Mail:

Drew Brown
Jeffrey K. Peraldo
James R. Faucher
Brown, Faucher, Peraldo & Benson, PLLC
822 N. Elm St., Suite 200
Greensboro, North Carolina 27401
336-478-6000
drew@greensborolawcenter.com
jeff@greensborolawcenter.com
james@greensborolawcenter.com

*Attorneys for Plaintiffs*


L. Andrew Watson
Butler Weihmuller Katz Craig
11605 North Community House Road, Suite 150
Charlotte, NC 28277
awatson@butler.legal

Richard Gable
Butler Weihmuller Katz Craig
1818 Market Street, Suite 2740
Philadelphia, PA 19103
rgable@butler.legal

Frank Winston
Sarah Gordon
Conor Brady
Steptoe & Johnson
1330 Connecticut Avenue NW
Washington, DC 20036
fwinston@steptoe.com
sgordon@steptoe.com
cbrady@steptoe.com

*Attorneys for Sentinel Insurance Company, Ltd.*

P.K. Shere
Josh Hiller
Huff Powell Bailey
3737 Glenwood Avenue, Ste. 370
Raleigh, NC 27612
pkshere@huffpowellbailey.com
jhiller@huffpowellbailey.com

Russell F. Conn
Kurt B. Fliegauf
Alexis P. Theriault
Conn Kavanaugh Rosenthal Peisch & Ford
One Federal Street, 15th Floor
Boston, MA 02110
rconn@connkavanaugh.com
kfliegauf@connkavanaugh.com
atheriault@connkavanaugh.com

*Attorneys for Utica National Insurance Group*


Matthew J. Gray
Andrew P. Flynt
Patrick T. VanderJeugdt
Young Moore and Henderson, P.A.
3101 Glenwood Avenue, Suite 200
Raleigh, NC 27612
Matt.Gray@youngmoorelaw.com
Andrew.Flynt@youngmoorelaw.com
Patrick.VanderJeugdt@youngmoorelaw.com

*Attorneys for Frankenmuth Mutual Insurance Company*


Gray Wilson
Nelson Mullins
380 Knollwood Street, Suite 530
Winston-Salem, NC 27103
Gray.wilson@nelsonmullins.com

Adam H. Fleischer
David J. Buishas
BatesCarey LLP
191 N. Wacker, Suite 2400

17

Chicago, IL 60606
afleischer@batescarey.com
dbuishas@batescarey.com

*Attorneys for State Automobile Mutual Insurance Company*

        */s/ James A. Dean*
        James A. Dean (N.C. Bar No. (39623)
        Womble Bond Dickinson (US) LLP
        One West 4th Street
        Winston-Salem, NC 27101
        336-721-3600 (Phone)
        336-721-3660 (Fax)
        jamie.dean@wbd-us.com

        *Attorney for Travelers Casualty Insurance Company of America and Travelers Indemnity Company*